USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-21-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DUGAN,

                Petitioner,

      - against -

WILLIAM J. CONNOLLY,

                Respondent.

**REPORT AND RECOMMENDATION**

11 Civ. 8536 (GBD) (RLE)

**To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

## I. INTRODUCTION

*Pro Se* Petitioner Michael Dugan ("Dugan"), a New York State prisoner at Fishkill Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(1)) and criminal possession of a weapon in the third degree (N.Y. Penal Law § 265.02(4)). Dugan was sentenced, as a second violent felony offender, to seven years in prison and five years of post-release supervision. Dugan contends that his incarceration violates the United States Constitution because (1) the evidence seized during the search of his car should have been suppressed because the search occurred pursuant to a suspicionless stop and there was a lack of probable cause for the search; (2) law enforcement's failure to exercise due care in preserving the vehicle checkpoint plan violated his right to due process; (3) his trial counsel's failure to request an appropriate sanction for the violation in (2) deprived him of effective assistance of counsel; and (4) he was deprived of the right to cross-examine the witnesses against him because of the failure to preserve the checkpoint plan. (Pet'r's Pet. for Writ of Habeas Corpus ("Pet.") 5 - 6.) For the reasons set forth below, I recommend that the petition be **DENIED**.

## II. BACKGROUND

### A. Factual Background

#### 1. The Arrest

On October 24, 2006, New York City Police Officer John Trojan ("Trojan") and Sergeant Wayne Lynch ("Lynch"), along with other officers, set up a vehicle checkpoint on Chambers Street between Broadway and Church Street in downtown Manhattan. (Judicial Hearing Officer Hr'g ("Hr.g") Tr. 7.) On October 25, at approximately 1:20 a.m., Dugan drove into the checkpoint and was instructed to pull over by Trojan, who selected Dugan's car as part of the checkpoint procedure to pull over every third car. (Hr'g Tr. 54-55.)

After running a check on Dugan's driver's license, Trojan returned to the car along with Lynch. (Hr'g Tr. 55.) As Lynch approached the passenger side of the car, he smelled marijuana and saw "a cigar wrapped around a leafy substance," which he thought was a "blunt," in the car's center console. (Hr'g Tr. 8.) Trojan removed Dugan from the car and Lynch searched the car. (Hr'g Tr. 8.) Lynch found a loaded handgun in the glove compartment. (Hr'g Tr. 8.) Dugan was arrested and charged with criminal possession of a weapon. (Hr'g Tr. 58.) The cigar subsequently tested negative for marijuana. (Hr'g Tr. 42.)

#### 2. Suppression Motion and Hearing

On April 18, 2007, before a judicial hearing officer ("JHO"), Dugan moved to suppress the gun and his post-arrest statement that he had a large amount of money on him because he intended to buy a car. (Dugan's Mem. in Supp. Of Mot. to Suppress ("Dugan's Mem.") 1, 10.) Trojan and Lynch testified to the events described above and were cross-examined by Dugan's counsel. In his brief in support of the suppression motion, Dugan argued that the stop was unconstitutional for lack of individualized suspicion and arbitrary execution of the checkpoint.

(Dugan's Mem. 11.) He requested that a negative inference be drawn because of the police department's failure to produce a written checkpoint plan, which Lynch claimed to have filed. (Dugan's Mem. 6.) Dugan also argued that the search was not sufficiently justified by Lynch's observation of the alleged blunt and that his claim to have smelled marijuana outside the car was not credible. (Dugan's Mem. 6.)

The JHO found Lynch's and Trojan's testimony credible. (JHO Rep. 1, June 22, 2007.) The JHO found that the vehicle checkpoint was constitutional because it was justified by the public concern for traffic safety, was effective in addressing that concern, and was conducted in a uniform and non-arbitrary manner. (JHO Rep. 3-4.) The State's inability to produce the checkpoint plan was not fatal to the validity of the checkpoint. (JHO Rep. 4.) The JHO held that Lynch had probable cause to search Dugan's car, based on smelling marijuana and seeing the "blunt." (JHO Rep. 4–5.) The JHO held, however, that Dugan's post-arrest statement should be suppressed as he had not been given a Miranda warning when he made it. (JHO Rep. 5.)

In a letter to the trial judge, Dugan's counsel urged the court to reject the JHO's recommendation, again arguing that the roadblock was not constitutionally sound and that Lynch lacked probable cause to justify a search. (Dugan's Letter ("Letter") July 25, 2007.) The trial court adopted the JHO's findings of fact, conclusions of law, and recommendations. *People v. Dugan*, Ind. No. 5967/06 (N.Y. Sup. Ct. Aug. 15, 2007). In so doing, the court held that the officers were acting "pursuant to an established auto checkpoint plan," the checkpoint was justified and constitutionally permissible, and the officers' testimony was credible. *Id.*

### 3. Plea and Sentencing

On November 8, 2007, Dugan pled guilty to possession of a weapon in the second degree, a Class C violent felony, and possession of a weapon in the third degree, a Class D

3

violent felony. As a second violent felony offender, Dugan was sentenced to concurrent seven year and five year prison terms and five years of post-release supervision. Dugan did not waive his right to appeal. *People v. Dugan*, Ind. No. 5967/06 (N.Y. Sup. Ct. Nov. 8, 2007).

## B. Procedural Background

### 1. The Appeal

Dugan appealed, requesting that the judgment be reversed and the motion to suppress the handgun be granted. (Dugan's Br. In Supp. of Appeal.("Dugan's Br.") 40.) Dugan argued that the suspicionless vehicle stop was invalid because the checkpoint was meant to uncover evidence of ordinary criminal activity and did not follow uniform and non-discriminatory procedures. (Dugan's Br. 33-36.) Also, the officers lacked probable cause to search the car. (Dugan's Br. 39.) The Appellate Division affirmed the denial of the suppression motion, finding that the checkpoint stop was valid and that the officers had probable cause for conducting the search. *People v. Dugan*, Ind. No. 5967/06 (N.Y. App. Div. Dec. 11, 2008).

Dugan subsequently filed for leave to appeal to the New York Court of Appeals, challenging the validity of the checkpoint, but not raising the question of probable cause for the search. (Dugan's Letter in Supp. of App'n for Leave to Appeal ("Letter in Supp. of App'n") January 9, 2009.) Leave for appeal to the Court of Appeals was denied on January 28, 2009. *People v. Dugan*, 11 N.Y.3d 924 (2009).

### 2. First CPL § 440.10 Motion

Dugan filed a New York Criminal Procedure Law ("CPL") § 440.10 motion ("440.10 motion") to vacate his conviction. He argued that the missing checkpoint plan

constituted a violation of *People v. Rosario*, 9 N.Y.2d 286 (1961)[1] and his trial counsel's failure to request a *Rosario* sanction constituted ineffective assistance. (Dugan's Mot. to Vacate, April 22, 2009.) The court denied the motion, holding that the *Rosario* claim was procedurally barred and that Dugan had failed to demonstrate prejudice resulting from the missing checkpoint plan. The court also rejected the ineffective assistance of counsel claim. *People v. Dugan*, Ind. No. 5967 (N.Y. Sup. Ct. Sept. 17, 2009). The Appellate Division denied Dugan's application. *People v. Dugan*, Ind. No. 5967/06 (N.Y. App. Div. May 18, 2010).

### 3. Second CPL § 440.10 Motion

Dugan filed a second § 440.10 motion, arguing that the NYPD's checkpoint was invalid because the NYPD's continued inability to produce the checkpoint plan proved that the plan never existed. Dugan also argued that Lynch's testimony regarding the basis for the search was not credible because of the inability to produce the checkpoint plan, vitiating probable cause for the search. (Affirm. in Supp. of Pet'r's Mot. to Vacate, May 12, 2011.) The court denied the motion, holding that the NYPD's continued inability to locate the checkpoint plan was consistent with the officers' testimony. *People v. Dugan*, Ind. No. 5967/06 (N.Y. Sup. Ct. Aug. 4, 2011). Dugan filed an application for leave to appeal this denial, and judgment on this application was pending at the time Dugan filed this Petition. (Docket No. 8, ¶ 5.)

### 4. Writ of Error Coram Nobis

Before judgment was entered on Dugan's second § 440.10 motion, he filed a *pro se* petition for writ of error *coram nobis*, seeking reversal of his conviction based on ineffective

---

[1] Failure to preserve material which bears on the testimony of trial witnesses is a violation of New York State law. N.Y. Crim. Proc. Law § 240.45 (McKinney's 2012). This material is known as *Rosario* material, referring to *People v. Rosario*, 9 N.Y.2d 286 (1961), *cert. denied*, 368 U.S. 866 (1961). This claim will be designated as the "*Rosario* claim."

assistance of appellate counsel. The petition was premised on his counsel's failure to raise three issues: (1) the *Rosario* claim, (2) ineffective assistance of trial counsel, and (3) deprivation of confrontation rights based on the loss of the checkpoint plan. (Mem. in Supp. of Writ.) The Appellate Division denied the petition on October 18, 2011. *People v. Dugan*, Ind. No. 5967/06 (N.Y. Sup. Ct. Oct. 18, 2011).

### 4. Habeas Petition

Dugan filed the instant Petition *pro se* on November 16, 2011. (Docket No. 1.)

### III. DISCUSSION

#### A. Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. 28 U.S.C. § 2244(d)(1)(A). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a conviction becomes final when his time to seek direct review in the United States Supreme Court by writ of certiorari expires." *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (*quoting Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998)). However, the one-year period can be tolled if "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). The filing for collateral review after the one-year AEDPA limitations period has already expired does not "reset" the limitations period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

Dugan's application for leave to appeal to the New York Court of Appeals was denied on January 28, 2009. *People v. Dugan*, 11 N.Y.3d 924 (2009). Dugan filed his first § 440.10 motion to vacate on April 22, 2009, (Docket No. 8), which was denied on September 17, 2009. *People v. Dugan*, Ind. No. 5967/06 (N.Y. Sup. Ct. Sept. 17, 2009). His leave to appeal was denied on May 18, 2010. *People v. Dugan*, Ind. No. 5967/06 (N.Y. App. Div. 2010). The

statute of limitations ran for 358 days until Dugan filed his second § 440.10 motion on May 12, 2011, (Docket No. 8, ¶ 5), which was denied on August 4, 2011.[2] *People v. Dugan*, Ind. No. 5967/06 (N.Y. Sup. Ct. Aug. 4, 2011). Dugan filed for leave to appeal his second § 440.10 motion on October 28, 2011. (*Id.*) His application for leave to appeal was still pending when he filed his Petition on November 16, 2011. (Docket No. 1 at 7.) The Petition was therefore timely.

**B.     Exhaustion and Default**

Pursuant to 28 U.S.C. § 2254(b), as amended by AEDPA, a court may not grant a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270 (1971); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997). In order to satisfy exhaustion, a petitioner's claim before the state court must have been federal or constitutional in nature. Although this is not an exacting standard, a petitioner must inform the state courts of "both the factual and the legal premises of the claim [he] asserts in federal court." *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (*quoting Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)). A petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994). A petitioner must also raise a federal claim at each level of the state court, "present[ing] the substance of his federal claims to the highest court of the pertinent state." *Id.* (*quoting Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)).

**1.     The *Rosario* And Ineffective Assistance of Trial Counsel Claims Are Exhausted.**

Dugan properly raised his *Rosario* claim and ineffective assistance of trial counsel claim

---

[2] Dugan did not receive a copy of the order until October 6, 2011. (Docket No. 8, ¶ 5.)

in his first § 440.10 motion. Dugan stated these claims in federal constitutional terms and the court considered the claims on the merits. Dugan renewed these claims in seeking leave to appeal. Thus, these claims were fairly presented to the state courts and are properly exhausted.

### 2.   The Fourth Amendment Claims Are Exhausted

Dugan's challenge to the admission of the handgun into evidence rests on two distinct Fourth Amendment claims: (1) that the vehicle checkpoint stop was invalid, and (2) the officers lacked probable cause to search his car. (Pet. 3.)

#### a.   Claim of Suspicionless Stop

In challenging the validity of the checkpoint stop in his direct appeal and application for leave to appeal to the Court of Appeals, Dugan cited United States Supreme Court cases which analyzed the constitutionality of suspicionless vehicle stops. (Dugan's Br. 18-22; Letter in Supp. of App'n 4.) The Court of Appeals denied Dugan's application for leave to appeal. *People v. Dugan*, 11 N.Y.3d 924 (2009). Dugan has fairly presented his challenge to the validity of the checkpoint stop to the highest state court and exhausted the procedures for pressing the claim in state court.

#### b.   Claims of No Probable Cause

Dugan claims that the officers lacked probable cause to search his car. (Dugan's Br. in Supp. of Pet. ("Dugan's Br."), 41-44.) He raised this argument on direct appeal to the Appellate Division, but not in his letter accompanying his application for appeal with the Court of Appeals.

For a claim properly brought on direct appeal to be exhausted, the claim must be raised in the letter or brief accompanying the request for leave to appeal to the Court of Appeals. *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). Where multiple claims were raised on appeal but only one claim is raised in the letter seeking leave to appeal, the other claims are

treated as abandoned. *Grey v. Hoke*, 933 F.3d 117, 120 (2d Cir. 1991). The purpose of this rule is to avoid imposing on the Court of Appeals the duty to "look for a needle in a paper haystack." *Id.* This rule is not be to narrowly construed, as a petitioner only need to "fairly present" the claims she seeks to be reviewed. *See Galdamez*, 394 F.3d at 76-77 (granting review where petitioner sent appellate briefs without identifying a specific claim); *Jackson v. Edwards*, 404 F.3d 612, 621 (2d Cir. 2005) (granting review of a claim where the claim was not argued directly but implied by another claim).

Dugan sufficiently alerted the Court of Appeals to the probable cause issue. While Dugan did not argue this claim directly in his letter to the Court of Appeals, he did refer to it in the context of his Fourth Amendment challenge to the checkpoint stop. (Letter in Supp. of App'n 3-4.) He did so by referencing his appellate brief and excerpting the section of the Appellate Division opinion denying the probable cause claim. In a footnote, Dugan indicated that the probable cause question was beyond further review by the Court of Appeals, as the trial court's decision was supported by evidence in the record. (Letter in Supp. of App'n 3.) Dugan raised the issue explicitly and suggested that the claim continued to be meritorious. *See, e.g., Galdamez*, 394 F.3d at 76; *Ramirez v. Att'y General of the State of New York*, 280 F.3d 87, 97 (2d Cir. 2001).

### 3. The Confrontation Clause Claim Is Exhausted But Procedurally Defaulted.

Dugan's final ground for seeking habeas relief is deprivation of his right to cross-examine witnesses against him because of the loss or destruction of the checkpoint plan. (Pet. 4.) Dugan first raised this claim improperly, asserting it in the context of a § 440.10 motion. CPL § 440.10(2)(c) forbids raising an issue in a § 440.10 motion which could have been raised on direct appeal. *People v. Cooks*, 67 N.Y.2d 100, 104 (1986) ("When sufficient facts

appear on the record to permit the question to be reviewed, [the question] can be reviewed only by direct appeal."). Therefore, any claim based on facts presented at a pretrial hearing must be raised on direct appeal and not in a § 440.10 motion. *See, e.g., People v. Hamilton*, 2011 WL 3235990 (N.Y. Sup. Ct. July 13, 2011).

Dugan raised the confrontation issue in his *pro se* application for leave to appeal his first § 440.10 motion in the context of a broader *Rosario* claim. He argued that "the loss of the *Rosario* material caused [him] detriment because [his] lawyer was unable to effectively cross examine witnesses to attack their credibility in relation to what may have or may not have been documented during the stop and search of [his] car." (Dugan's Aff't p. 2, Jan. 22, 2010.) Dugan's affidavit does not cite to the Sixth Amendment or any case law indicating a challenge based on the Confrontation Clause. This language, construed broadly, may have been sufficient to alert the court to a federal constitutional claim. However, the factual basis for this claim—the failure of the Police Department to produce the checkpoint plan—appears in the hearing transcript and the JHO's report. (Hr'g Tr. 58; JHO Rep. 4.) Since the underlying facts of the claim are in the trial record, this claim should have been raised on direct appeal and is procedurally barred by CPL § 440.10(2)(c) from collateral review. When a claim is procedurally barred from review by state courts, the claim is deemed exhausted but ineligible for review by a federal habeas court unless the petitioner can show cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977); *see also Murray v. Carrier*, 477 U.S. 478, 485-86 (1986).

The Confrontation Clause claim appears again in Dugan's *coram nobis* petition in the context of a claim for ineffective assistance of appellate counsel. (Pet.'s Aff. in Supp. of Writ ("Pet.'s Aff."), May 13, 2011.) As just discussed, the state court may not review this claim on collateral review since it should have been properly raised on direct appeal. The claim is barred

from further review at the state level and is thus deemed exhausted but procedurally defaulted for the purposes of habeas review. Absent a showing a cause and prejudice, this claim may not be heard on federal habeas review.

A habeas court will not hear a claim that is procedurally barred unless the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Cause may be found where default is a result of ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The ineffective assistance of counsel claim must itself first have been exhausted at the state level. *Id.* at 489. Dugan, however, has not exhausted his claim of ineffective assistance of appellate counsel. He raised this claim in his writ of error *coram nobis* but did not appeal the denial of the writ. (Mem. in Supp. of Writ, May 13, 2011.) Dugan does not establish cause for this procedural default on his Confrontation Clause claim. I recommend the claim be **DENIED**.

### C.     Dugan's *Rosario* Claim is Barred from Habeas Review.

Dugan was barred from raising his *Rosario* claim at the state level, and he is therefore barred from raising it on habeas review. "A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is *independent* of the federal question and adequate to support the judgment." *Beard v. Kindler*, 558 U.S. 53, 54 (2009) (quotations and brackets omitted) (*citing Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). This rule of abstention "applies with equal force whether the state-law ground is substantive or procedural." *Lee v. Kemna*, 534 U.S. 362, 375 (2002). Independence requires that the "state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Harris v. Reed*, 489 U.S. 255, 261-62 (1989). This reliance must be

11

clear from the face of the opinion and not merely a passing reference. *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000) (citing *Coleman*, 501 U.S. at 732). "Even where the state court has ruled on the merits of a federal claim 'in the alternative,' federal habeas review is foreclosed where the state court has also expressly relied on the petitioner's procedural default." *Murden v. Artuz*, 497 F.3d 178, 191 (2d Cir.2007) (*citing Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005)); *see also Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). Adequacy requires that the state rule be "firmly established and regularly followed" in the state. *James v. Kentucky*, 466 U.S. 341, 348 (1984).

Here, the procedural bar that the court relied on in dismissing Dugan's first § 440.10 motion was an independent and adequate state law basis which forecloses habeas review. The court explicitly refers to Dugan's failure to raise the *Rosario* issue on direct appeal and the bar that is imposed by CPL § 440.10(2)(c).[3] In so doing, the court did not implicate a federal basis for rejecting the claim and thus the independence requirement is satisfied. CPL § 440.10(2)(c) is a firmly established and regularly followed state rule and therefore satisfies the adequacy requirement. *Clark v. Perez*, 510 F.3d 382, 392 (2d Cir. 2008); *see also Garcia v. Lee*, No. 10 Civ. 5287 (JPO)(JLC), 2012 WL 3822137, at *19 (S.D.N.Y. Aug. 28, 2012).

Since Dugan's *Rosario* claim is procedurally barred, it may only be heard under habeas review upon a showing of cause and prejudice or a miscarriage of justice. See *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The only showing of cause suggested by the record would be Dugan's claim of ineffective assistance of appellate counsel. As discussed *supra*, this claim

---

[3] CPL § 440.10(2)(c) states, "Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."

is unexhausted and therefore may not be relied upon as a basis for cause. By failing to raise his *Rosario* claim on direct appeal, Dugan was procedurally barred from pursuing the claim by CPL § 440.10(2)(c). This bar is an adequate and independent state rule relied on by the court in dismissing his first § 440.10 motion. None of the exceptions which would justify hearing this claim on habeas review apply, and the *Rosario* claim should be **DENIED**.

### D.     Effect of Guilty Plea on Habeas Claims

Since Dugan pled guilty, the types of constitutional claims that he may raise in a *habeas* petition are limited. A guilty plea is an admission of factual guilt which is sufficient to remove the question of guilt from the case and, in most cases, establish a basis for the state to impose punishment. *Menna v. New York*, 423 U.S. 61, 62 n. 2 (1975). The Supreme Court has established that "a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975). A petitioner who has entered a guilty plea "is not entitled to the vacating of his conviction on the basis of claimed antecedent constitutional infirmities . . . even assuming there is some factual basis for these allegations." *Isaraphanich v. United States*, 632 F. Supp. 1531, 1533 (S.D.N.Y. 1986). Where a guilty plea has been made, the primary focus of *habeas* review shifts to whether the plea was voluntary and intelligent, rather than on constitutional infirmities which may have occurred in the pretrial proceedings. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Accordingly, a guilty plea extinguishes claims based on improper search and seizure, right to confrontation, and ineffective assistance of counsel, where those claims are predicated on events prior to the guilty plea. *Haring v. Prosise*, 462, U.S. 306, 321 (1983) (search and seizure); *U. S. ex rel. Irving v. Henderson*, 371 F. Supp. 1266, 1269 (S.D.N.Y. 1974) (right to confrontation); *Torres v. Ercole*, No. 07 Civ. 8090 (RJS) (FM), 2011 WL 5986979, at *16

(S.D.N.Y. Nov. 29, 2011) (ineffective assistance of counsel).[4]

1. **Dugan's ineffective assistance of counsel claim is barred by his guilty plea.**

Any ineffective assistance of counsel claim is limited to showing that counsel's advice was so deficient that it undermined the voluntary and intelligent nature of the petitioner's guilty plea. *United States v. Torres*, 129 F.3d 710, 716-17 (2d Cir. 1997) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Dugan's claim of ineffective assistance of counsel is predicated on counsel's alleged failure to request a *Rosario* sanction. It does not relate to any deficient advice from counsel, and therefore, is barred by the guilty plea. I recommend that his ineffective assistance of counsel claim be **DENIED**.

E. **Dugan's Fourth Amendment Claim Is Ineligible For Relief Because It Was Heard In State Court.**

A federal court may not grant relief on the basis of a Fourth Amendment claim that evidence was improperly admitted at trial "where the state has provided an opportunity for full and fair litigation" of the claim. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991). The Second Circuit will find that a petitioner has been denied this opportunity in cases where "the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations" or where "the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977)).

---

[4] It is generally understood that a guilty plea acts as a waiver of the right to confront one's accusers. *Parke v. Raley*, 506 U.S. 20, 29 (1992). During the plea proceedings, Dugan explicitly acknowledged that he was relinquishing his right to confrontation. (Plea Proceedings 8.) Therefore, even if Dugan's Confrontation Clause claim were not procedurally defaulted it would be barred by his guilty plea.

Federal courts have found New York's process for adjudicating motions to suppress evidence, embodied in CPL § 710, to be adequate to satisfy Fourth Amendment standards. *Capellan*, 975 F.2d at 70 n. 1. Dugan does not allege, nor does the record suggest, that there was any departure from this procedure in his case. Thus, to warrant *habeas* review of the merits of his Fourth Amendment claims, Dugan would need to demonstrate an unconscionable breakdown in the underlying process.

The standard for unconscionable breakdown of process is not entirely clear. A breakdown has been found where the trial court and Court of Appeals unjustifiably failed to address the merits of the petitioner's Fourth Amendment claims, but not where an angry mob dominated a state court proceeding. *Shaw v. Scully*, 654 F. Supp. 859, 864 (S.D.N.Y. 1987) (*compare Frank v. Mangum*, 237 U.S. 309 (1915), *and Cruz v. Alexander*, 477 F. Supp. 516 (S.D.N.Y 1979)). Unconscionable breakdown can be shown where "no state court had conducted a reasoned method of inquiry into relevant questions of fact and law, or any inquiry at all[.]" *Shaw*, 654 F. Supp. at 864 (*citing Cruz*, 477 F. Supp. at 523).

Dugan's Fourth Amendment claims were voiced in the state courts and received thorough consideration. He was afforded a pretrial hearing on the suppression of the gun where counsel cross-examined the officers regarding their conduct. (Hr'g Tr. 65–85.) Dugan filed a brief in support of his suppression motion which detailed his Fourth Amendment challenges to both the stop and the search. (Dugan's Mem.) The Judicial Hearing Officer's ("JHO") written opinion found the officers' testimony credible. (JHO Rep. 1.) The JHO found the checkpoint to be valid because it was effective at addressing a concern for public safety and was conducted in a uniform and non-discriminatory manner. (JHO Rep. 3-4.) The JHO also found that probable cause for the search was adequately supplied by Lynch smelling marijuana and seeing what he

15

thought was a blunt in the car. (JHO Rep. 4–5.)

Dugan renewed his claims in a letter to the trial court. The trial court analyzed and rejected these arguments, choosing to adopt the JHO's recommendation. *People v. Dugan*, Ind. No. 5967/06 (N.Y. Sup. Ct. Aug. 15, 2007). Dugan raised the claims again on direct appeal and the appellate court considered them, rejected the claims, and affirmed the conviction. *People v. Dugan*, Ind. No. 5967/06 (N.Y. App. Div. Dec. 11, 2008). Where constitutional challenges are heard in a suppression hearing, rejected by the trial court, and reviewed by an appellate court, no unconscionable breakdown will be found and the requirement of "an opportunity for a full and fair litigation" of Fourth Amendment claims under *Stone* and *Capellan* has been satisfied. *See, e.g.*, *Singh v. Miller*, 104 Fed. App'x 770, 772 (2d Cir. 2004); *Jackson v. Artus*, No. 07 Civ. 1114(GBD)(THK), 2008 WL 4386826, at *1 (S.D.N.Y. Sept. 22, 2008).

Dugan does not assert any reasons why the process afforded to him would constitute an unconscionable breakdown. Mere disagreement with the outcome of the suppression hearing and subsequent determinations does not constitute an unconscionable breakdown of the process. *Calderon v. Perez*, No. 10 Civ. 2562 (GBD)(AJP), 2011 WL 293709, at *33 (S.D.N.Y. Jan. 28, 2011) (*citing Welch v. Artus*, 2007 WL 949652, at *20 (W.D.N.Y. March 29, 2007)). Since New York criminal procedure is adequate for reviewing Fourth Amendment claims and there was no unconscionable breakdown in the process, Dugan was afforded a full and fair opportunity to litigate his claims and thus his Fourth Amendment claims are barred from federal *habeas* review. These claims should be **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that Dugan's Petition be **DENIED.** Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being

served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: June 21, 2013**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

<u>PRO SE PETITIONER</u>
Michael Dugan
09-R-0718
Fishkill Correctional Facility
PO Box 1245
Beacon, NY 12508


<u>COUNSEL FOR RESPONDENT</u>
Priscilla Israel Steward
New York State Office of the Attorney General
120 Broadway 24th Floor
New York, NY 10271