UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL DUGAN,

                 Petitioner,

       -against-

WILLIAM J. CONNOLLY,

                 Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MEMORANDUM DECISION
AND ORDER

11 Civ. 8536 (GBD) (RLE)

GEORGE B. DANIELS, District Judge:

*Pro se* petitioner Michael Dugan brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his conviction. On November 8, 2007, Dugan pleaded guilty to two counts of criminal possession of a weapon, in the second and third degree, in violation of New York Penal Laws §§ 265.03(1) and 265.02(4), respectively, and was sentenced to seven years in jail and five-years of post-release supervision. Dugan seeks habeas relief on the grounds that: (1) the suspicionless stop of the vehicle he was driving was a violation of the Fourth Amendment; (2) he was prejudiced by the state's failure to exercise due care in preserving *Rosario*[1] material; and (3) his trial counsel's assistance was ineffective for his failure to request an appropriate *Rosario* sanction against the state for failure to preserve the vehicle checkpoint plan. *See Petition Under 28 USC § 2254 For Writ of Habeas Corpus By a Person in State Custody*, filed Nov. 21, 2011, ECF No. 1. The Court referred the matter to Magistrate Judge Ronald L. Ellis for his Report and Recommendation ("Report"). This Court adopts Magistrate Judge Ellis's recommendation to deny Dugan's habeas petition on all three grounds asserted. Dugan's petition for habeas corpus is DENIED.

---

[1] *See People v. Rosario*, 9 N.Y.2d 286 (N.Y. 1961) (finding that the defense is entitled to examine a witness' prior statements, or other material that relates to the subject of the witness' testimony, prior to a state witness' testimony).

1

## Background

### I. The Arrest

On October 24, 2006, New York City Police Officer John Trojan and Sergeant Wayne Lynch set up a vehicle safety checkpoint on Chambers Street between Broadway and Church Streets in lower Manhattan to detect vehicle violations. *Judicial Hr'g Tr.* 7, 9-10, Apr. 18, 2007, ECF No. 17. On October 25, 2006, at approximately 1:20 a.m., Dugan drove into the checkpoint and was instructed to pull over by Officer Trojan, who selected Dugan's vehicle as part of the checkpoint procedure to pull over every third vehicle. *Id.* at 54. As Sergeant Lynch approached the passenger side of the vehicle, he "noticed kind of an odor [that] smelled like marijuana coming from the car" and "observed what looked to be a marijuana cigarette" in the vehicle's center console. *Id.* at 8:4-7. Subsequently, Officer Trojan removed Dugan from the vehicle and brought him to the back of the vehicle, as Sergeant Lynch searched the vehicle "for more marijuana." *Id.* at 8:14-21. Inside the glove compartment, Sergeant Lynch found a loaded firearm. *Id.* at 8:22-23. The cigarette recovered from Dugan's vehicle subsequently tested negative for marijuana. *Id.* at 42. Dugan was arrested and charged with criminal possession of a weapon. *Id.* at 58.

### II. Suppression Motion and Hearing

Dugan moved to suppress the gun and a post-arrest statement he made.[2] At a judicial hearing, Officer Trojan and Sergeant Lynch testified for the state and were cross-examined by Dugan's counsel. In support of his suppression motion, Dugan argued that the stop of the vehicle was unconstitutional for lack of individualized suspicion and arbitrary execution of the

---

[2] In the course of his arrest, the police found a large amount of cash. After he was arrested, Dugan stated that he had this cash because he intended to purchase a vehicle. This statement was suppressed by the hearing officer and is not the subject of this habeas petition.

2

checkpoint, and pointed out that the state had failed to produce a written checkpoint plan. Dugan further argued that the search was not sufficiently justified by Sergeant Lynch's observation of the alleged marijuana cigarette and that his claim to have smelled marijuana outside the vehicle was not credible.

The judicial hearing officer found that: (1) the state's testimony was credible; (2) the vehicle checkpoint was constitutional because of the public concern for traffic safety and its uniform, non-arbitrary manner; (3) the state's inability to produce the checkpoint plan was not fatal to the validity of the checkpoint; and (4) Sergeant Lynch had probable cause to search Dugan's car based on the identification of the alleged marijuana cigarette and the smell of marijuana. Over Dugan's renewed objection, the trial court adopted the judicial hearing officer's findings and recommendations. *See People v. Dugan,* No. 5967/06, 2007 WL 6509344 (Trial Order) (N.Y. Sup. Ct. Aug. 15, 2007).

### III. Plea, Sentencing, and State Appeals

On November 8, 2007, Dugan pleaded guilty to two counts of criminal possession of a weapon, in the second and third degree, in violation of New York Penal Laws §§ 265.03(1) and 265.02(4), respectively. The Supreme Court of the State of New York, New York County, sentenced Dugan as a second violent felony offender to an aggregate term of seven years and a five-year term of post-release supervision on December 20, 2007. Dugan did not waive his right to appeal.

The Appellate Division, First Department, affirmed his plea and sentence on direct appeal. *See People v. Dugan,* 57 A.D.3d 300 (N.Y. App. Div. 2008). His application to appeal to the Court of Appeals was denied. *See People v. Dugan,* 11 N.Y.3d 924 (N.Y. 2009). In addition to these direct appeals, Dugan filed two New York Criminal Procedure Law

3

("NYCPL") § 440.10 motions to vacate his conviction, and a writ of error *coram nobis,* all of which were denied. Dugan then filed the instant *pro se* habeas petition on November 16, 2011.

## Legal Standard

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Magistrate Judge's Report. *See* 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Ellis advised the parties that pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and 6(d) of the Federal Rules of Civil Procedure, failure to file timely objections to the Report would result in their waiver and preclude appellate review. No party objected to the Report. The Report is adopted.

## All of Dugan's Asserted Grounds Fail

I.  Fourth Amendment Claim

Dugan argues that the stop of the vehicle he was driving was improper because it lacked individualized suspicion. *Petition* at 5. Fourth Amendment claims are not ordinarily subject to review in federal habeas proceedings where "the State has provided an opportunity for [their] full and fair litigation." *Stone v. Powell*, 428 U.S. 465, 481-82 (1976); *see also Jackson v. Scully*, 781 F.2d 291, 296-97 (2d Cir. 1986). Review of Fourth Amendment claims in habeas corpus proceedings is warranted only if the state: (i) has provided no corrective procedures to redress the alleged Fourth Amendment violations; or (ii) has provided a corrective mechanism, but the defendant was precluded from using such mechanism due to an unconscionable breakdown in the underlying process. *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Dugan fully availed himself of numerous remedies for redress in New York State courts. He had ample opportunity for full and fair litigation of his Fourth Amendment claims at a judicial hearing, where his counsel cross-examined the state's witnesses and he had the opportunity to present his own evidence. Dugan renewed his claims in a letter to the trial judge, asking that the court reject the judicial hearing officer's recommendations and arguing that the vehicle checkpoint was unconstitutional and that Sergeant Lynch lacked probable cause to justify the search. Dugan also raised these claims on direct appeal. Dugan fails to identify any unconscionable breakdown in the underlying process. Magistrate Judge Ellis properly found that Dugan should not obtain habeas relief based on his Fourth Amendment claims.

II.  *Rosario* Claim

Dugan next argues that the state's failure to exercise due care in preserving the written vehicle checkpoint plan constitutes a violation of his due process right to a fair hearing. *Petition*

5

at 5-6. "[A] federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler*, 558 U.S. 53, 54 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).[3] "This rule applies whether the state law ground is substantive or procedural." *Coleman*, 501 U.S. at 729. Reliance on state law must be "clear from the face of the opinion." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000) (quoting *Coleman*, 501 U.S. at 732). The state court that passed on Dugan's *Rosario* claim in his § 440.10 petition found that it was procedurally barred by New York State's Criminal Procedure Law ("NYCPL") because Dugan failed to raise this argument on direct appeal. Further, *Rosario* claims are based on state law and not cognizable on federal habeas review. *See Taylor v. Poole*, No. 07 Civ. 6318 (RJH) (GWG), 2009 U.S. Dist. LEXIS 76316 at *82-83 (S.D.N.Y. Aug. 27, 2009) (collecting cases). Magistrate Judge Ellis properly determined that Dugan cannot raise this claim in this habeas petition.[4]

III.   Ineffective Assistance of Counsel Claim

Finally, Dugan argues that his trial counsel was ineffective because he failed to request an appropriate *Rosario* sanction ("to wit: preclusion of witness testimony or dismissal of the charges") after the state failed to preserve the written vehicle checkpoint plan. *See Petition* at 6. To demonstrate ineffective assistance of counsel, Dugan must show that: (i) his counsel's

---

[3] "An adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,'" or demonstrate that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Harris v. Reed*, 489 U.S. 255, 261 (1989) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Dugan does not raise this argument.

[4] Dugan also alleges that the state's failure to preserve the written vehicle checkpoint plan deprived him of his right to confront witnesses against him. *See Petition* at 6. This claim cannot form the basis for habeas relief for the same reason: Dugan failed to raise it on direct appeal, and the state court that passed on his § 440.10 motion found it procedurally barred by the NYCPL. Magistrate Judge Ellis also properly determined that Dugan could not demonstrate good cause for this default, prejudice, or a miscarriage of justice.

assistance "fell below an objective standard of reasonableness"; and (ii) "there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Dugan's attorney, however, did cite the loss of the checkpoint plan as a reason to doubt the officers that testified and suppress the gun at the suppression hearing. He informed the court that "[a]t the end of the case, I may ask the court to consider some sort of negative inference based upon the absence of Rosario [sic.] materials," to which the hearing officer responded "sure." *Hr'g Tr.*, ECF No. 17, at 7:11. In his post-hearing briefing, he argued that the hearing officer should draw a "negative inference" from the state's failure to produce the plan. *Affirmation in Support of Motion to Vacate the Judgment of Conviction Pursuant to CPL Sect. 440.10*, ECF No. 8 at 11. Both the hearing officer and the judge who decided the suppression motion were well aware of the missing checkpoint plan, and both declined to sanction the state for its disappearance. Dugan cannot demonstrate that his counsel's performance was objectively unreasonable or that he suffered any prejudice.[5]

## CONCLUSION

Petitioner's application for a writ of habeas corpus is DENIED. As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d. Cir. 1998); *United States*

---

[5] Magistrate Judge Ellis found that Dugan's guilty plea barred his assertion of any ineffective assistance of counsel claim in connection with his attorney's efforts to suppress the gun. Dugan retained his right to appeal the suppression decision. *See* Plea Tr., ECF No. 17, at 6-7. While Dugan retained his right to appeal the suppression decision, he did not preserve any right to challenge the effectiveness of his counsel at the suppression hearing (if he had, his failure to raise it with the Appellate Division would render it procedurally barred from being raised in federal habeas). However, because Dugan's counsel actually performed the acts that Dugan complains he did not (acts which fall well within the realm of competent representation), and because he cannot demonstrate any prejudice, this Court denies his habeas corpus petition on the substantive grounds discussed, given the lack of merit of each of his claims.

7

*v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962). The Clerk of the Court is directed to close this case.

Dated: New York, New York
      August 15, 2013

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge